VICENTE ZAYAS PIZARRO, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent; HEIRS OF ANTONIO PALMIERI, Interveners.

No. 1631.   Argued March 25, 1946.—Decided June 6, 1946.

*Vicente Zayas Pizarro, pro se.*   The respondent Judge filed a brief. *Agustín E. Font* and *José Guillermo Vives* for interveners, defendants in the main action.

Mr. Chief Justice Travieso delivered the opinion of the court.

In his complaint, filed in the District Court of Ponce, the petitioner herein alleged that the common boundaries between his property and two other properties belonging to the defendants were confused; that he believed that the defendants were in possession of some land which formed part of the property owned by the plaintiff; and that the defendants refused to fix the boundaries between the three properties. The defendants answered that they did not object to the settlement of the boundaries "by a surveyor appointed by mutual agreement of the parties, and in case they could not reach an agreement, by a surveyor appointed by the court."

The lower court rendered judgment on the pleadings and ordered the survey, providing that the plat and certificate of survey drawn on April 8, 1926, by Engineer-Surveyor J. Elías Cordero, upon request of the defendants, who on that date were owners of the property, now possessed by the plaintiff, be taken as a basis therefor. In accordance with the terms of said judgment, the parties filed in the lower court a motion in which they set forth that "by mutual agreement they have designated and appointed surveyor Fred J. Jeffries, of Ponce, Puerto Rico, to fix the boundaries between the properties of the plaintiff and the defendants in accordance with the plat and certificate of survey of April 8, 1926, drawn by Engineer-Surveyor J. Elías Cordero." On September 24, 1945, the lower court issued an order approving the appointment made by the parties in favor of Mr. Jeffries, and authorizing him to proceed to make the survey pursuant to the agreement between the parties and the terms of the judgment.

After the survey was made by Mr. Jeffries, the plaintiff submitted the plat and certificate of survey drawn by said

surveyor for the approval of the court. The defendants objected to the approval thereof, and requested that they be granted a term to make another survey. The plaintiff objected to a new survey and the court granted the defendants "a term of 10 days for filing any objections they might deem advisable."

On January 25, 1946, and after the term granted by the court had expired without the defendants having raised any specific objection against the survey made by Mr. Jeffries, the plaintiff again requested its approval. On February 4, 1946, the lower court denied the motion and ordered that Surveyor Jeffries "together with the surveyor appointed by the defendants, Mr. Edil M. Rivera, perform a verification of the survey made by Mr. Jeffries and submit a written report to the court within ten days after notification to the parties of this order." Feeling aggrieved, the defendant filed in this court an application for a writ of certiorari to review said order.

██ The only question to be considered and decided herein is whether the lower court erred in refusing to approve the survey made in accordance with the agreement between the parties and approved by the court, against which no especific objections were raised which could affect its validity or correctness, and in ordering a new survey.

In his commentaries on §§ 385 and 387 of the Spanish Civil Code, equivalent to §§ 320 and 322 of our Code (1930 ed.) Manresa says:

"An agreement between adjoining landowners whereby it is sought to fix the boundary line by means of monuments or landmarks, or to avoid and settle, as the case may be, differences in regard to their respective rights, from the legal standpoint is essentially a contract, or a real compromise, as the same are defined by Sec. 1809 of the Code. Its validity, the extrinsic and intrinsic formalities of the contract, the capacity of the contracting parties, the manner of supplying or completing that capacity, must therefore be governed by

the principles applicable to the compromise of rights. And it would seem idle to say that those same principles must be taken into account for the settlement of boundaries requested through uncontested proceedings (*jurisdicción voluntaria*) for in such cases whatever is decided derives its force from the mutual assent of the parties and not from any final decision of the judge who heard the proceedings.

''*    *    *    *    *    *    *

''For the reasons stated, it must be maintained respecting extrajudicial settlements of boundaries and such as may be carried out in the manner established by Tit. 15, book 3, of the Law of Civil Procedure in force: 1st, that their validity and effectiveness are governed by the principles common to contracts and in a proper case by those established for compromises in Tit. 13, chapter 1st, book 4th, Civil Code; 2d, that in accordance to what is prescribed in Sec. 1293, no contract shall be rescinded for lesion except those expressly mentioned in paragraphs 1st and 2d of Article 1291 of the Code in force; . . . '' (Manresa, vol. 3, pp. 340 and 341.)

Section 1709 of the Civil Code, 1930 ed., equivalent to § 1809 of the Spanish Code, provides that ''a compromise is a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit, or terminates one that has already been instituted.'' Section 1715 of that same Code of 1930 (§ 1816 Spanish Code) prescribes that ''a compromise has, with regard to the parties, the same authority as *res adjudicata;*'' and § 1716 (§ 1817 of the Code of Civil Procedure) provides that ''a compromise, in which error, deceit, violence, or forgery of documents is involved, shall be subject to the provisions of section 1217 of this Code. Nevertheless, one of the parties can not set up an error of fact against the other if by reason of a compromise the latter has withdrawn from a suit already begun.''

Let us examine the facts of the case at bar in the light of the legal precepts just cited. The action for the fixing of the boundaries was instituted in order to put an end to the confusion existing in the boundaries between plaintiff's property and those of the defendants, and the latter con-

sented to the survey requested, stating that the same be performed "by a surveyor appointed by the mutual agreement of the parties and in case they could not reach an agreement by a surveyor appointed by the Court." The proposition was accepted by the plaintiff and the parties reached an agreement and stipulated in writing that the survey would be made by Surveyor Mr. Jeffries, which stipulation was approved by the court. It appears from Mr. Jeffries' report that the survey was performed by him in the presence of the adjoining landowners and of their representatives and taking as a basis therefor the plat drawn by Surveyor Cordero in 1926.

The agreement reached by the parties is in effect a compromise or transaction through which the decision of a pending suit was entrusted to a third person—the Surveyor Mr. Jeffries. That transaction derives its force and validity from the mutual assent of the parties in interest and not "from any final decision of the judge who heard the proceedings."

Since the parties stipulated that the survey was to be performed by Mr. Jeffries, they are bound by the report submitted by him, unless it should be alleged and proved that the same is vitiated by deceit or fraud.

As it was not alleged that the survey is vitiated by deceit or fraud, we are of the opinion that the lower court erred in refusing to approve it and also, that it erred in ordering a new survey.

The order appealed from should be vacated, and the case remanded to the lower court for further proceedings not inconsistent with this opinion